

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# Anthony Degenes v. Tim Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Anthony Degenes v. Tim Murphy" (2008). *2008 Decisions*. Paper 658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1686
_____

ANTHONY A. DEGENES,

Appellant

v.

TIM MURPHY,
United States Congressman

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-01370)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2008

Before:  AMBRO, FUENTES and FISHER, Circuit Judges.

(Filed: August 13, 2008)
_____

OPINION
_____

PER CURIAM

Anthony DeGenes, proceeding pro se, appeals from the District Court's judgment dismissing his complaint against Congressman Tim Murphy for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

In October of 2007, DeGenes filed a complaint in the United States District Court for the Western District of Pennsylvania, naming U.S. Congressman Tim Murphy as the sole defendant. DeGenes alleged that he submitted proposed legislation to Congressman Murphy's office, that he was told several times by his representatives that they would get back to him at a later time, that he was told that Congressman Murphy would "take up [his] cause and represent [him] in this personal matter," and then was later told that Congressman would not get involved in his personal matters. He alleged that he then informed Congressman Murphy's representative, Michael Baxter, that he still wanted his legislation to be presented, and Baxter told him that it first would have to go before a committee which would determine whether or not it had merit, that it hadn't yet been presented to the committee, and that if the committee rejected it, he would receive written notification. DeGenes claimed he never received any such notification.

As relief, DeGenes requested that Congressman Murphy give him "a written explanation as to why he will not present my legislation. I want a reason why the Congressman refuses to contact me. I want this written information to be on Congressman Murphy's Congressional letterhead stationary. . . . I want to have the right

2

to read Congressman Murphy's written response, as to why he won't consider this legislation. I want to have the right to decide if his response is satisfactory to me before my case is disposed of."

On defendant's motion, the District Court dismissed the complaint for lack of subject matter jurisdiction, holding that DeGenes had not demonstrated an injury-in-fact, and therefore that he lacked standing to assert his claims. In the alternative, the Court held that Congressman Murphy was entitled to absolute immunity under the Speech and Debate Clause. The Court concluded by suggesting that DeGenes make an appointment to meet with Congressman Murphy or his staff should he wish to pursue a further response. DeGenes timely filed a notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of standing is plenary. See Pennsylvania Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278 (3d Cir. 2002).

We have held that "[c]onstitutional standing requires: (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, (3d Cir. 2005) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). The District Court concluded that DeGenes'

3

complaint did not identify a legally protected interest which had been violated, nor did it set forth a constitutional or statutory requirement that members of Congress respond to their constituents' request for legislation.  On appeal, DeGenes argues that by not receiving a response from Congressman Murphy, he has been denied the right to communicate with his elected representative.  Neither the Constitution nor any federal statute requires a citizen's elected representative to respond in writing to his requests.  For the reasons expressed by the District Court in its thorough and thoughtful opinion, we agree that DeGenes' allegations do not demonstrate an injury-in-fact and, accordingly, we will affirm.  DeGenes' motion not to dismiss his case is denied as moot.